UNITED STATES DISTRICT COURT
Western District of North Carolina
Statesville Division
Case No. 5:23-cv-73

| | |
|---|---|
| FOSTER MAYS, as personal representative of the Estate of PATRICK MAYS, deceased,<br><br>Plaintiff,<br><br>Vs.<br><br>OLEG POLISHCHUK, an individual, d/b/a POP TRUCKING; and<br>UBER FREIGHT LLC, a Delaware Corporation<br><br>Defendants. | **WRONGFUL DEATH COMPLAINT**<br><br>**(Jury Trial Demanded)** |

The plaintiff, Foster Mays, as personal representative of the Estate of Patrick Calhoun Mays, complaining of the defendants, Oleg Polishchuk, an individual, d/b/a POP Trucking, and Uber Freight LLC, alleges and says:

## PARTIES AND JURISDICTION

1. On November 28, 2022, the late Patrick Mays was a citizen and resident of the town of Davidson, Mecklenburg County, North Carolina.

2. Plaintiff, Foster Mays, is the duly qualified personal representative of the Estate of Patrick Mays, deceased, having qualified as personal representative on May 12, 2023 in the office of the Clerk of Superior Court, Mecklenburg County, North Carolina, File No. 2023 E 001949.

3. At all times relevant to this complaint, defendant, Oleg P. Polishchuk (hereinafter "Polishchuk"), was and remains a citizen and resident of the city of Harrisonburg, Virginia. Defendant Polishchuk does business as POP Trucking. On November 28, 2022, defendant

Polishchuk was the owner and operator of a 2021 Volvo tractor trailer that was traveling on the interstate highways in the state of North Carolina carrying products from Harrisburg, Virginia for delivery in Charlotte, North Carolina.

4. At all times relevant to this complaint, defendant, Uber Freight LLC (hereinafter "Uber Freight"), is a limited liability corporation authorized and existing under the laws of the State of Delaware, with a principal place of business in San Francico, California, and a registered agent located at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina. At all times material to this complaint, Uber Freight has registered with and been approved to do business in North Carolina. Additionally, Uber Freight regularly conducts business within the State of North Carolina.

5. The incident that formed the basis of this litigation occurred on November 28, 2022 near the town of Mooresville in Iredell County, North Carolina.

6. Jurisdiction is proper under 28 U.S.C § 1332 because the amount in controversy exceeds $75,000 and all plaintiffs are citizens of and reside in North Carolina and none of the defendants are citizens of or reside in North Carolina.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Iredell County, North Carolina.

**FACTS**

8. On the 28th day of November, 2022, at approximately 5:58 p.m., plaintiff's decedent, Patrick Mays was the owner of a 2006 Ford sports utility vehicle, plate number MAYSBP, which being operated by his wife, Rebecca Mays, and was proceeding south on Interstate 77 near Mooresville, Iredell County, North Carolina. Decedent and his daughter, Helen Mays, were passengers in the vehicle.

9. At all times material to this complaint, decedent's wife was proceeding lawfully and carefully and obeying all rules of the road and proceeding with due care for her own safety and that of others.

10. At the time and place set out above, defendant Polishchuk, doing business as POP Trucking, was the owner and operator of a 2021 Volvo Truck/Trailer, with a license plate number 21644PZ, which was proceeding south on Interstate 77 near Mooresville, Iredell County, North Carolina.

11. At the time and place set out above, defendant Polishchuk negligently, carelessly, and recklessly, failed to reduce speed causing his tractor trailer to collide into the rear of decedent's vehicle, which had stopped for traffic. Due to the force of impact, plaintiffs' vehicle was propelled over 200 feet onto the south bound off-ramp at Exit 31.

12. Due to the negligence, carelessness, and recklessness of defendant Polishchuk's actions and omissions, the Plaintiff Patrick Mays was killed.

13. Due to the negligence, carelessness, and recklessness of defendant Polishchuk's actions and omissions, plaintiffs Rebecca Mays and Helen Mays were severely injured, and upon information and belief, permanently injured therein.

14. At all times relevant to this complaint, defendant Polishchuk was operating the 2021 Volvo tractor trailer on behalf of Uber Freight.

15. At all times relevant to this complaint, Polishchuk was the employee, agent, servant, representative, and/or statutory employee of Uber Freight, operating for its benefit, in furtherance of its interests and/or within the course and scope of his employment with Uber Freight.

16. At all times relevant to this complaint, Uber Freight was operating as a carrier as that term is defined in 49 U.S.C.S. 13102(3) & (14) in that it was acting as and holding itself out as a carrier for the purpose of providing motor vehicle transportation for compensation. Uber Freight's motor carrier number is 987790, its Department of Transportation number is 2926893, and its Standard Carrier Alpha Code assigned by the National Motor Freight Traffic Association, Inc. ("NMFTA") is UBER. According to the Straight Bill of Lading dated November 28, 2022, Uber Freight was listed as the carrier (with carrier code "UBER") for the purpose of shipping Coca-Cola products from Harrisburg, Virginia to Charlotte, North Carolina. Upon information and belief, defendant, Uber Freight, hired defendant Polishchuk, doing business as POP Trucking, as its agent, representative, and/or employee to haul the Coca-Cola products for it. Accordingly, defendant Uber Freight is vicariously liable for the Polishchuk's acts and/or omissions as alleged herein.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against All Defendants)**

17. Plaintiff realleges all preceding paragraphs as if fully alleged and set forth herein.

18. At all times material to this complaint, defendants owed plaintiff's decedent a duty of reasonable care.

19. The death of Patrick Mays was proximately caused by the negligent, careless, and willful and wanton conduct of defendant Polischuk by operating the 2021 Volvo tractor trailer in one or more of the following ways:

(a) he failed to keep a proper lookout and or failed to see what could be seen in the exercise of due care.

(b) he operated his vehicle in a careless and heedless manner, with willful and wanton disregard of the rights of the plaintiffs, traveling in an excessive speed under the circumstances and while failing to keep a proper lookout, all in violation of the motor vehicle laws of the state of North Carolina.

(c) he operated his vehicle at a speed greater than reasonable and prudent under the conditions then existing in violation of the motor vehicle laws of the state of North Carolina.

(d) he failed to keep his vehicle under proper control in violation of the motor vehicle laws of the state of North Carolina.

(e) he failed to steer his vehicle so as to avoid colliding with the vehicle being operated by Plaintiff in violation of the motor vehicle laws of the state of North Carolina.

(f) he failed to apply brakes and or operated a vehicle with improper brakes in violation of the motor vehicle laws of the state of North Carolina.

(g) he drove his vehicle on a public highway and failed to reduce speed to avoid injury to others in violation motor vehicle laws of the state of North Carolina.

(h) he failed to reduce speed to the extent necessary to avoid a collision with the Plaintiff in violation of the motor vehicle laws of the state of North Carolina.

(i) such other negligence as will be shown at trial.

20. At the time and place set out above, defendant Polishchuk operated the 2021 Volvo tractor trailer for and on behalf of the defendant Uber Freight, in the discharge of his duties as the agent, servant, employee, and/or statutory employee of the corporate defendant, Uber Freight.

21. The negligence, carelessness, recklessness, willful and wanton conduct of defendant Polishchuk is imputed to the corporate defendant, Uber Freight, and the corporate defendant is vicariously liable for defendant Polishchuk's negligence.

22. As a direct and proximate result of the collision, decedent Patrick Mays sustained severe injuries resulting in his death.

## SECOND CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING, SUPERVISION & RETENTION
### (Against Defendant Uber Freight)

23. Plaintiff realleges all preceding paragraphs as if fully alleged and set forth herein.

24. At all times material to this complaint, defendant Uber Freight operated and held itself out as a for-hire motor carrier engaged in the transportation of goods for compensation. (49 C.F.R. part 390.5)

25. At all times material to this complaint, defendant Uber Freight either operated or had the right to exercise control over drivers and equipment it employed to transport goods it had contracted to ship and, on the date and time alleged above, did in fact exercise control over defendant Polishchuk doing business as POP Trucking for purpose of carrying a shipment of Coca-Cola products from Harrisburg, Virginia to Charlotte, North Carolina. (49 C.F.R. part 390.5; 49 USCS §13101(5))

26. At all times relevant to this complaint, Uber Freight had a duty to exercise reasonable care in the employment, hiring, vetting, screening and/or selection of competent and careful independent contractors and/or motor carriers, such as Polishchuk, to transport property which involves a risk of physical harm unless skillfully and carefully done.

27. Defendant Uber Freight also had a duty to reasonably hire, instruct, train, supervise, competent and careful drivers, employee, agents and/or independent contractors, such as defendant Polishchuk, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

28. Uber Freight knew or should have known that Polishchuk was not a competent, qualified and responsible driver. Polishchuk had committed several commercial motor vehicle violations, including violation of 49 CFR 395.8(a) regarding record of duty status, violation of 49 CFR 395.8(e) making a false report in connection with a record of duty status, and violation of 49 CFR 392.16 for failure to wear a seatbelt while operating a commercial motor vehicle.

29. Uber Freight knew or should have known that Polishchuk failed to possess the knowledge, skill and experience necessary to transport freight and/or goods without creating an unreasonable risk of injury to others.

30. Defendant Uber Freight was negligent, careless and reckless with regard to its duties set forth in paragraphs 34-37 above, which proximately caused the death of Patrick Calhoun Mays, for which Uber Freight is directly liable.

### THIRD CAUSE OF ACTION
### WRONGFUL DEATH
### (Against All Defendants)

31. Plaintiff realleges all preceding paragraphs as if fully alleged and set forth herein.

32. As a direct and proximate result of defendants' negligent, reckless conduct, as alleged above, plaintiff has sustained damages due to the wrongful death of Patrick Calhoun Mays, for which he is entitled to recover from defendants in the following particulars:

   a) compensation for the pain and suffering of the decedent;

   b) reasonable funeral and burial expenses of the decedent;

   c) medical bills for care and treatment of decedent incident to the injury resulting in death;

   d) funeral and burial expenses for the decedent;

   e) the present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of reasonably expected;

   f) net income of the decedent;

   g) services, protection, care, and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered;

   h) society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

   i) for such other relief as the Court deems just and proper.

WHEREFORE, plaintiff respectfully prays the Court:

1. Enter judgment for plaintiff and against defendants, jointly and severally, for wrongful death damages in a sum in excess of $75,000.00 together with pre- and post-judgment interest as by law allowed from the date of the filing of this action.

2. Try this matter before a jury on all issues so triable.

3. Enter an order awarding plaintiff the costs of this action, including an attorney's fee if by law allowed.

4. Grant such other and further relief as the Court may deem just, equitable and proper.

Respectfully submitted this 23rd day of May, 2023.

**LEVINE LAW GROUP, PA**

By: _____
Michael J. Levine
North Carolina State Bar # 23836
Cathy A. Williams
North Carolina State Bar # 33534
128 Medical Park Drive, Suite 300
Post Office Box 3308
Mooresville, NC 28117
Telephone: (704) 660-1770
Facsimile: (704) 660-1775